USDC SDNY
DOCUMENT ELECTRONICALLY
FILED
DOC#:
DATE FILED: 6-18-19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHELLE PUERNER,

           Plaintiff,

-against-

HUDSON SPINE AND PAIN MEDICINE, P.C.,

           Defendant.

17-cv-03590 (ALC)

**Opinion and Order**

**ANDREW L. CARTER, JR.**, United States District Judge:

Plaintiff Michelle Puerner brings this action against Defendant Hudson Spine and Pain Medicine, P.C. ("HSPM") for violations of Title III of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act of 1973 ("RA"), Section 1557 of the Patient Protection and Affordable Care Act ("ACA"), New York Human Rights Law ("NYHRL"), and the New York City Human Rights Law ("NYCHRL"). Now pending is Defendant's Motion to Vacate the default judgment entered against it on August 28, 2018 pursuant to Federal Rule of Civil Procedure 60(b). ECF No.14. For the following reasons, Defendant's motion is GRANTED.

## BACKGROUND

### I. Factual Background

Puerner is a deaf woman who communicates primarily in American Sign Language ("ASL"). Complaint ("Compl") ¶ 1; ECF No. 1. HSPM is a public accommodation in New York City that receives federal assistance. *Id.* ¶ 3. Plaintiff's doctor referred her to HSPM to receive treatment for her back. *Id.* ¶ 7. Around March 28, 2016, through a Video Relay Service ("VRS"), Ms. Puerner called HSPM to schedule an appointment. After scheduling the appointment for April 4, 2017, Plaintiff pointed out that she would need an interpreter, but HSPM informed her that she would have to provide her own. *Id.* ¶ 10. Plaintiff explained to the representative that requiring her

1

to acquire and pay for an interpreter was discriminatory and HSPM had an obligation to provide one. *Id.* ¶ 11. The representative repeatedly refused and ended the call. *Id.* ¶ 12.

Plaintiff called again a few days later hoping to receive a different response to her request. *Id.* ¶¶ 13-14. Again, a HSPM representative "dismissive[ly]" repeated that the company would not provide her with an ASL interpreter under any circumstance. *Id.* ¶¶ 15-17. The VRS interpreter informed the representative that a blanket refusal to accommodate constituted unlawful discrimination. *Id.* ¶ 18. The representative hung up and ended the call. *Id.* ¶ 19.

On April 4, 2016, Plaintiff went to HSPM for her scheduled appointment. *Id.* ¶ 20. For a third time, she requested an ASL interpreter for the meeting and, again, HSPM staff denied her request. *Id.* Plaintiff left the appointment forty-five minutes later after realizing she would not be able to effectively communicate. *Id.* ¶ 22. Plaintiff contends that without the interpreter HSPM subjected her to objectively inferior services as compared to hearing patients. *Id.* ¶¶ 23-25.

## II. Procedural Background

On May 12, 2017, Plaintiff filed the Complaint commencing this action. ECF No. 1. On May 18, 2017, Plaintiff properly served Defendant with the Summons and Complaint. ECF Nos. 2-3. On June 2, 2017, Defendant's insurance company notified Defendant that its policy would not cover the claim and advised Defendant to retain independent counsel. ECF 20-1. Defendant's Answer was due by June 8, 2017, but Defendant failed to respond. *See* ECF No. 6. On August 31, 2017, Plaintiff obtained a Clerk's Certificate of Default as to Defendant. ECF No. 11. On November 30, 2017, this Court issued an Order to Show Cause why the action should not be dismissed for failure to prosecute since Plaintiff had yet to move for default judgment. ECF No. 12. On December 22, 2017, Plaintiff moved for default judgment pursuant to Fed. R. Civ. P. 55, and the Court ruled in its favor on August 28, 2018. ECF No. 14. HSPM did not receive a copy of Plaintiff's Application for Default Judgment, and Plaintiff failed to file a proof of service.

The Court referred the case to Magistrate Judge Debra C. Freeman who issued a Scheduling Order for Damages Inquest on September 6, 2018. ECF Nos.15-16.

The Court mailed a copy of Judge Freeman's order to Defendant on September 7, 2018. *Id.* Plaintiff submitted its Statement of Damages and accompanying Declarations on October 4, 2018. ECF No. 16. On October 24, 2018, Defendant's insurance company notified them that the default judgment would not be covered by its policy.[1] *Id.* The Order required Defendant to respond to Plaintiff's Proposed Findings of Fact and Conclusions of Law by November 1, 2018.

In response to the Damages Inquest Order, Defendant submitted a letter requesting a thirty day extension to "investigate the circumstances of the default" on November 1, 2018. ECF No. 18. This was Defendant's first appearance in the action. Plaintiff responded to this letter on November 8, 2018, requesting that the court deny Defendant's request for additional time. ECF No. 20. On the same day, Defendant moved to vacate the Default Judgment and filed an accompanying memorandum of law in support of the motion. ECF Nos. 21-22. Plaintiff filed her Opposition on November 30, 2018 and Defendant filed a reply brief on December 3, 2018. ECF Nos. 28-29. The Court considers the motion fully briefed.

## LEGAL STANDARD

Under Fed. R. Civ. P. 60(b)(1), the Court may relieve a party from a final judgment based on a showing of excusable neglect. To decide whether to grant relief under this section, the Court must determine: "(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 166-67 (2d Cir. 2004) (quoting *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d

---

[1] The insurance company again "strongly" advised Defendant to retain independent counsel and further reiterated the insurance company's policy does not cover this litigation. *Id*

3

Cir. 1998)). The Court enjoys sound discretion in applying these factors, but must acknowledge the strong preference to resolve disputes on their merits. *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). As such, "in ruling on a motion to vacate a default judgment, all doubts must be resolved in favor of the party seeking relief from the judgment." *Id.*

## DISCUSSION

The Court will address Defendant's motion to vacate the default judgment factor-by-factor below.

### I. Willfulness

The central purpose of a default judgment is to protect parties and the courts from harassment and purposeful delay and, thus, the defaulting party's actions must involve more than carelessness or negligence to declare them willful. *See Green*, 420 F.3d at 104; *McNulty*, 137 F.3d at 738. A defaulting party's conduct is willful if egregious or not adequately explained. *McNulty*, 137 F.3d at 738 (citing *American Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996)). Accordingly, "where a party is notified that he is in default and he apparently makes no effort to appear pro se or to explain his situation to the court, such neglect is inexcusable." *Arista Records. Inc. v. Musemeci*, No. 03 CV 4465, 2007 U.S. Dist. LEXIS 81630, at *12 (E.D.N.Y. Sept. 18, 2007); *see also Circuito Cerrado, Inc. v. LV Foods, Inc.*, 296 F.R.D. 122, 125 (E.D.N.Y. 2013) (quotation omitted).

#### A. Defendant Ignored Plaintiff's Complaint

Here, Defendants proffer no legitimate reasoning for their significant delay in answering the Complaint. Defendant was properly served in August 2017 and failed to appear. Defendant's claim that its failure to appear was "negligent at most" is disingenuous. There is no dispute that Defendant received the Complaint and summons on May 18, 2017. ECF No. 6. Courts have accepted inadvertence arguments when a defaulting party lacked knowledge of the complaint. *See*

4

*Dixon v. Ragland*, No. 03 Civ. 0826, 2005 WL 2649484, at *2 (S.D.N.Y. Oct. 14, 2005) (finding that the defendants' "statements that they lacked knowledge of [the] action raise sufficient doubts as to whether their defaults were willful"); *LaBarbera v. MMK Trucking, Inc.*, 2008 WL 508630, at * 2; *Holland v. James*, 2008 WL 3884354, at * 2. However, unlike these defaulting parties, Defendant ignored its opportunity to appear. Furthermore, courts have found willful default where a defendant "simply ignores a complaint without action." *Brown v. DeFilippis*, 695 F. Supp. 1528, 1530 (S.D.N.Y. 1988) (citations omitted); *see also Circuito Cerrado, Inc. v. LV Foods, Inc.*, 296 F.R.D. 122, 126 (E.D.N.Y. 2013). The Court will not spend time fathoming why Defendant remained unresponsive for so long. Defendant's neglect of the Complaint is clear.

Defendant's communications with its insurance agency also prove Defendant was aware of the Complaint. Defendant's insurance agency informed Defendant that its policy did not cover this claim in June 2017 and, following the default judgment, made clear that its policy did not cover the damages entered against Defendant. Accordingly, along with being properly served by Plaintiff, Defendant's insurance agency interactions show Defendant was aware of the allegations against it. Therefore, Defendant's failure to answer exceeded mere negligence.

Moreover, Defendant failed to adequately explain its failure to respond. "Willfulness includes conduct that is 'not satisfactorily explained'" *Kauhsen v. Aventura Motors, Inc.*, No. 09-cv-4114, 2010 U.S. Dist. LEXIS 55554, at *13, 2010 WL 2301289 (E.D.N.Y. June 7, 2010) (quoting *McNulty*, 137 F.3d at 738)); *see also Domond v. Great Am. Rec., Inc.*, 116 F. Supp. 2d 368, 374 (E.D.N.Y. 2000) (noting that "willfulness may be inferred where a party's conduct was egregious and not adequately explained"); *Frost Belt Int'l Recording Enters., Inc. v. Cold Chillin' Records*, 758 F. Supp. 131, 136 (S.D.N.Y. 1990) ("[U]tter failure to explain the default effectively precludes a finding of excusable neglect").

Here, The Court cannot find that Defendant offered a reasonable justification for its behavior since it failed to offer any justification at all. Defendant willfully chose not to respond to Plaintiff's Complaint. The Court need not determine if Defendant's unresponsiveness was strategic. HSPM's failure to answer the Complaint, whether attributable to the misplaced dependency on its insurance policy or to HSPM itself, lacks satisfactory explanation. Therefore, Defendant's failure to answer exceeded mere negligence, and thus, was willful.

**B. Plaintiff Failed to Serve the Motion for Default Judgment on Defendant**

Despite Defendants' willful failure to respond to the Compliant, the same cannot be said about its failure to respond to the Motion for Default Judgment. "[W]here a party is notified that he is in default and he apparently makes no effort to appear *pro se* or to explain his situation to the court, such neglect is inexcusable.'" *Arista Records, Inc.*, 2007 U.S. Dist. LEXIS 81630, at *13, 2007 WL 3124545 (quoting *Yan v. Bocar,* No. 04 Civ. 4194, 2005 WL 3005338, at *39-40 (S.D.N.Y. Sept. 8, 2005)). Defendant claims it never received a copy of Plaintiff's motion for default judgment, and thus, its failure to respond was excusable. The Court agrees.

After moving for Default Judgment, Plaintiff was required to mail Defendants a copy of all papers submitted to the Court and file proof of such service with the Court. *See* Local Civ. R. 55.2(c). "[L]ocal rules have the force of law." *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001). Plaintiff bears the burden of proving service was proper on a motion for default judgment. *RCC Ventures, LLC v. Brandtone Holdings Ltd.*, No. 17-CV-1585, 2017 U.S. Dist. LEXIS 118850, 2017 WL 3242331, at *2 (S.D.N.Y. July 28, 2017). Indeed, Plaintiff claims she adhered to this rule, but there is no proof that she mailed defendant a hard copy of any documents related to the motion for default judgment. Plaintiff's failure to notify Defendant of the potential default judgment denied HSPM the opportunity to defend itself. Thus, the Court cannot conclude that Defendants had sufficient notice of the default judgment being sought against them.

Plaintiff argues that their failure to mail a copy of the motion of default judgment is insignificant because Defendant should have been aware of the filings of this case electronically. The Local Rules state that "parties serving and filing papers shall follow the instructions regarding Electronic Case Filing (ECF) published on the website of each respective Court." Local Civ. R. 5.2(a). The ECF rules mandate that "all documents required to be filed with the court must be filed electronically," and attorneys are to "routinely view the docket sheet in [their] case[.]" *Id.* at § 13.13.[2] *See also Renaissance Search Partners v. Renaissance Ltd., L.L.C.*, No. 12-CV-05638 (DLC)(SN), 2014 U.S. Dist. LEXIS 91259, at *14-15 (S.D.N.Y. July 2, 2014); *Canale v. Manco Power Sports, LLC*, 06 Civ. 6131 (PKL), 2010 U.S. Dist. LEXIS 69652, 2010 WL 2771871, at *3 (S.D.N.Y. July 13, 2010) (denying plaintiff's motion to vacate judgment under Rule 60(b) because attorney missed email containing notice of motion after hard drive crash).[3] However, here, Defendant never appeared in the action and thus did not receive ECF notifications. Therefore, Plaintiff could not reasonably expect that Defendant would be aware of any electronic filings in this case, specifically the motion for default judgment. Plaintiff's failure to properly notify HSPM of the default motion filed against them justifies Defendant's nonresponse.

Furthermore, the instant motion may reflect how Defendant would have responded if properly served. Following the Default Judgment, Judge Freeman issued a Scheduling Order for a Damages Inquest requiring Defendant to respond to Plaintiff's damages claims by November 1, 2018. *See* ECF No. 16. The record indicates, unlike the Motion for Default Judgment, a copy of this Order

---

[2] *See* S.D.N.Y. Electronic Case Filing Rules & Instructions, § 1.1 (March 17, 2014), available at http://www.nysd.uscourts.gov/ecf/ECF%20Rules%20Revision%20031714.pdf. The ECF rules specifically state: "It remains the duty of Filing and Receiving Users to regularly review the docket sheet of the case in order not to miss a filing." *Id.* Furthermore, attorneys are to "routinely view the docket sheet in [their] case[.]" *Id.* at § 19.6

[3] *See also Banguah v. Rodriguez*, 04 Civ. 7227 (LAK), 2005 U.S. Dist. LEXIS 22995, 2005 WL 2482487, at *2 (S.D.N.Y. Oct. 6, 2005) ("[C]ounsel who rely upon e-mailed notices of electronic filing to keep abreast of their cases do so at their peril. They are responsible for knowledge of what appears on the docket sheet regardless of any email failures.")

was mailed to Defendant. *Id.* Defendant responded to this Order on November 1, 2018 and subsequently filed the instant motion on November 8, 2018. *See* ECF Nos. 18, 21. Though not until the eleventh hour, this timely attempt to remedy the default supports Defendant's claim that they may have responded to the default judgment motion had they been made aware of it. Therefore, the Court finds that Defendant's default was not willful. *See Enron Oil Corp. v. Diakuhara,* 10 F.3d 90 at 98 (2d Cir. 1993).

## II.   Meritorious Defense

"[A] defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense. *See e.g. Enron Oil Corp.*, 10 F.3d at 98; *Martin v. Fesson*, No. 80 Civ. 42-CSH, 1982 U.S. Dist. LEXIS 17032, at *9 (S.D.N.Y. Dec. 30, 1982) ("A conclusory statement that such a defense exists is not sufficient"); *Knox v. PLO*, 248 F.R.D. 420, at 427 (S.D.N.Y. 2008); *Loop Prod. v. Capital Connections LLC*, 797 F. Supp. 2d 338, at 348 (S.D.N.Y. 2011). "The test of such a defense is measured not by whether there is likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Enron Oil Corp.* 10 F.3d at 98 (internal citations omitted).

Furthermore, to prove it has a meritorious defense, a defendant must go further than merely "alleging that a defense exists." *Dudley v. Pendagrass*, No. 06 CV 216, 2008 WL 4790501, at * 4 (E.D.N.Y. Oct. 31, 2008) (quoting *Todtman, Nachamie, Spizz & Johns, P.C. v. Ashraf*, No. 05 Civ 10098, 2006 WL 2850210, at *1 (S.D.N.Y. Oct.4, 2006). However, the threshold is very low—the movant only needs to present some evidence demonstrating "that if relief is granted the outcome of the suit may be different than if the entry of default or the default judgment is allowed to stand." *Micolo v. Brennan*, No. 07-CV-4901 JS AKT, 2009 WL 742729, at *10 (E.D.N.Y. Mar. 18, 2009) (quoting *In re Martin–Trigona*, 763 F.2d 503, 505 n. 2 (2d Cir.1985)).

Defending against Plaintiff's Rehabilitation Act and parallel state law claims, Defendant argues that they are not liable because they adequately accommodated Plaintiff's disability. In support of this argument, Defendant pointed to Plaintiff's declaration claiming she was proficient and fluent in English. Ex. F. Defendant also provided the regulation's non-exhaustive list of "auxiliary aids and services" and pointed out it does not mandate the use of a specific auxiliary aid. See 28 CFR §36.303(b-c) (noting that such aid or service "will vary in accordance with the method of communication used by the individual; the nature, length, and complexity of the communication involved; and the context in which the communication is taking place"). Thus, the Court finds Defendant's Rehabilitation Act defense is meritorious.

As to Plaintiff's remaining claims, it is enough to note that Defendant alleged a legitimate non-discriminatory reason for denying Plaintiff an interpreter — namely, "that defendant communicated effectively with plaintiff". Defs. Mem at 8. Defendant supports this argument by suggesting that the written communication between Plaintiff and HSPM's physician was an accepted effective method and/or similar action acceptable under the federal regulation. *See* Ex. E. A reasonable jury may agree with Defendant's claim that they provided Plaintiff with effective communication. Thus, the Court finds that Defendant's offered a meritorious defense to Plaintiff's federal and state discrimination claims.

### III. Prejudice

The Court now considers "whether and to what extent, vacating the default judgment will prejudice the non-defaulting party." *Green*, 420 F.3d at 110. The events underlying Plaintiff's Complaint occurred between March and April of 2017. Consequently, Plaintiff argues, Defendant's unresponsiveness prejudiced Plaintiff since all relevant witness testimony would not be as accurate as it would have been two years ago. Plaintiff also argues that her monetary claims hinge upon these witnesses' recollections during the relevant time period since her damages are "not

susceptible to mathematical calculation nor liquidated." *Greyhound Exhibit group v. E.L.U.L. Realty Corp.*, 973 F.2d 155, at 158 (2d Cir. 1992).

Indeed, a witness's recollection may be more reliable closer to the events in question. However, because granting a motion to vacate default inevitably causes delay, "delay alone is not a sufficient basis for establishing prejudice." *Belizaire*, 310 F.R.D. at 106 (quoting *Davis*, 713 F.2d at 916). "Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Id.* (internal quotations omitted). Plaintiff makes no such showing here. Furthermore, Plaintiff offers little more than speculation to support her argument. This potential loss of evidence is insufficient to establish prejudice. *See Addison v. Reitman Blacktop*, Inc., 272 F.R.D. 72, 81-82 (E.D.N.Y. 2010) ("[T]he Plaintiffs argue that because of the Defendants' delay there may have been a degradation of evidence such that memories of potential witnesses may have faded or documents may have been lost or destroyed. The Court finds that this speculative prejudice does not outweigh the fact that the Defendants['] default was not willful and that the Defendants have presented a meritorious defense."); *S.E.C. v. McNulty*, No. 94 CIV. 7114 (MBM), 1996 WL 422259, at *5 (S.D.N.Y. July 29, 1996), aff'd, 137 F.3d 732 (2d Cir. 1998) (finding that plaintiff failed to show defendant's delay would result in a loss of evidence or provide opportunities for fraud or collusion).

Moreover, the timeline of this case counteracts Plaintiff's immediacy argument. Indeed, Plaintiff caused significant delay herself. Plaintiff filed the Complaint on May 12, 2017 but did not serve Defendant until after the Court's August 17, 2017 Order requiring her to show cause as to why the case should not be dismissed for failure to serve. *See* ECF No. 5. Subsequently, at Plaintiff's request, the Clerk's Office issued a Certificate of Default on August 31, 2017. However, Plaintiff waited until December 22, 2017 to move for default judgment, after the Court ordered her to show cause as to why the case should not be dismissed for failure to prosecute. *See* ECF No. 12.

Apparently, Plaintiff's actions were prompted by the threat of dismissal, not a need to preserve evidence. Therefore, the fact that Plaintiff waited several months to both serve Defendant and move for default suggests she will not be unduly prejudiced by further delay. *See Enron Oil Corp.*, 10 F.3d at 98.

"A court should resolve all doubts in favor of a determination on the merits ... [and] should liberally grant motions to vacate default judgments so that trial on the merits may be had and justice may be done." *Brown v. DeFilippis*, 695 F. Supp. 1528, 1530 (S.D.N.Y. 1988) (citations omitted). Accordingly, in the abundance of caution, the Court finds that Defendant offers enough evidence to support its motion to vacate the default judgment. *See U.S. Commodity Futures Trading Comm'n v. Musorofiti*, No. 05-CV-3917, 2007 WL 2089388, at *6 (E.D.N.Y. July 17, 2007) (vacating default where defendant presented a meritorious defense and no prejudice to plaintiff was established) (adopting report and recommendation)

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Vacate the Default Judgment is GRANTED. The Clerk of the Court is respectfully directed to close the motion at Docket Number 21.

**SO ORDERED.**

**Dated:** June 19, 2019
New York, New York

**ANDREW L. CARTER, JR.**
**United States District Judge**

11